State v. Wardlow

Defendant was charged with the 13 July 1973 murder of one Billy Frances Brinkley. From a plea of not guilty the jury returned a verdict of guilty of the offense of voluntary manslaughter. From judgment sentencing him to a term of imprisonment, defendant appealed.

Other facts necessary to decision are cited in the opinion below.

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*Plumides, Plumides and Shuster, by John G. Plumides, for defendant appellant.*

---

STATE OF NORTH CAROLINA v. RANDOLPH WARDLOW, J. C. WARDLOW

No. 7515SC571

(Filed 17 December 1975)

Assault and Battery § 15— self-defense — confusing instructions

In a prosecution for felonious assault, the trial court's instructions on self-defense, including an instruction that if the jury did not find defendant had an intent to kill, the assault would be excused as being in self-defense, were confusing and constituted prejudicial error.

State v. Wardlow

APPEAL by defendants from *Winner, Judge.* Judgment entered 13 February 1975 in Superior Court, ORANGE County. Heard in the Court of Appeals 21 October 1975.

Defendants were charged with assault with a deadly weapon with the intent to kill inflicting serious injury. From pleas of not guilty, the jury returned verdicts of guilty. From judgment sentencing them to terms of imprisonment, defendants appeal.

*Attorney General Edmisten, by Assistant Attorney General Robert P. Gruber, for the State.*

*Dunn and Eifort, by Joseph D. Eifort, for defendant appellants.*

MORRIS, Judge.

During the course of the trial, defendants presented evidence tending to show that the assault was committed in self-defense. After retiring for deliberation, the jury returned to the courtroom and asked to be instructed again on the applicable law of self-defense. As the record appears before us, the court apparently advised the jury that:

> "Now, if you find from the evidence beyond a reasonable doubt that the defendant assaulted the prosecuting witness but do not find that he had an intent to kill, that assault would be excused as being in self-defense of the circumstances at the time that he acted and as would create in the mind of a person of ordinary firmness a reasonable belief that such action was necessary to protect himself from bodily injury or offensive physical contact, and that the circumstances did create such a belief in the defendant's mind."

This instruction tends to .confuse the various critical elements of the law of self-defense and could possibly engender some misunderstanding in the minds of the jurors as to the nature of the applicable law. Therefore, a new trial must be had for both defendants.

New trial.

Judges PARKER and MARTIN concur.